OPINION OF THE COURT
Memorandum.
Plaintiff instituted this action in June of 1998 for negligence, breach of contract and fraud. Defendants moved to add an affirmative defense of Statute of Limitations and dismiss the complaint on said ground. Plaintiff in his complaint and opposition papers in essence alleged that in the 1970’s he purchased three medical insurance policies through defendants. Plaintiff further alleged that he requested that defendants upgrade his major medical coverage. In 1995 plaintiff was hospitalized, underwent heart surgery and incurred hospital expenses in excess of $60,000. Plaintiff applied under all three policies for reimbursement and ascertained that he was only covered under two of the policies, as the third had been cancelled. The trial court held that plaintiff’s action sounded in malpractice and that inasmuch as defendants had overbilled plaintiff for the insurance that was in effect, the continuous treatment doctrine applied thereby tolling the Statute of *149 Limitations. In reaching said conclusion, the court relied on Chase Scientific Research v NIA Group (268 AD2d 115). The court further noted that if, in fact, defendants had acted fraudulently, the Statute of Limitations relative to fraud was also tolled.
In Chase Scientific Research v NIA Group (96 NY2d 20), the Court of Appeals reversed the Appellate Division and held that insurance brokers and agents are not professionals and therefore not within the ambit of CPLR 214 (6) regarding the time limitation applicable to nonmedical malpractice claims. As a result, the Court of Appeals concluded that actions against agents and brokers are governed by the limitation periods applicable to negligence actions (CPLR 214 [4]) and breach of contract actions (CPLR 213 [2]).
A cause of action for breach of contract accrues and the Statute of Limitations commences to run when the contract is breached (see, Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399). Knowledge of the occurrence of the wrong on the part of plaintiff is not necessary to start the Statute of Limitations running in a breach of contract action (see, Varga v Credit Suisse, 5 AD2d 289, 292, affd 5 NY2d 865). The allegations of negligence against defendants in the performance of their contractual obligations are governed by the six-year Statute of Limitations (see, CPLR 213 [2]; National Life Ins. Co. v Hall & Co., 67 NY2d 1021), which began to run from the date plaintiff requested defendants to obtain the additional insurance and defendants’ alleged failure to take steps to procure said insurance (see, Kronos, Inc. v AVX Corp., 81 NY2d 90; Brownstein v Travelers Cos., 235 AD2d 811; T&N plc v James & Co., 29 F3d 57 [2d Cir 1994]). Inasmuch as plaintiff indicated that he requested said additional coverage in the 1970’s and since this cause of action for breach of contract was commenced in 1998, said cause of action is time barred.
Plaintiffs second cause of action, sounding in fraud, was required to be commenced within six years or within two years from the time plaintiff discovered or could, with reasonable diligence, have discovered the fraud, whichever is later (CPLR 213 [8]; 203 [g]). In the case at bar, as noted earlier, the alleged breach or fraud occurred in the 1970’s at which time defendants failed to obtain the allegedly requested additional insurance coverage. At the very latest, plaintiff could have, with reasonable diligence, discovered the alleged fraud in 1991 after, at his request, he received a copy of the insurance policy. Plaintiff would have had two years from said date to review *150 said policy, ascertain that the coverage was not what he allegedly requested, and institute an action based on the alleged fraud.
Finally, it should be noted that plaintiff, in his affidavit in opposition to the motion, stated that in 1971 he purchased three insurance policies which were annexed to his opposition papers. However, one of said policies was, in fact, issued in 1978 for the sole benefit of plaintiff’s wife and children and was a hospital indemnity policy paying to said insureds the sum of $350 a week during any period of hospitalization. Inasmuch as plaintiff admits receiving benefits under two of the policies and he was not an insured under the third policy, the cancellation of said policy did not result in any loss of benefit due plaintiff as a result of his hospitalization.
Aronin, J. P., Patterson and Golia, JJ., concur.