■ ROBERT SILKWOOD et al., Respondents, v ERIN C. BUTLER, Defendant and Third-Party Plaintiff-Appellant. ROBERT SILKWOOD et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [747 NYS2d 109]

Between 1983 and 1989, the defendant third-party plaintiff, Erin C. Butler (hereinafter Erin), and the third-party defendant, Jeffrey Butler (hereinafter Jeffrey), who were then wife and husband, established certain trusts (hereinafter the 1984 Consolidated Trust) for the benefit of their two children, Emily Butler and Drew Butler. Erin and Jeffrey divorced in 1993. In 1995, the trustees of the 1984 Consolidated Trust brought an action against Erin to recover money loaned to her, and Erin asserted various counterclaims. Ultimately, that litigation was settled by stipulation between the parties (hereinafter the settlement) which, inter alia, required the trustees to provide a full and complete accounting of the 1984 Consolidated Trust from inception through July 30, 1999. After the accounting was provided, Erin filed objections thereto in the form of a two-page

letter to the court. The trustees moved to dismiss the objections, and in the order appealed from, the Supreme Court granted the motion.

We agree with the Supreme Court that many of the issues raised by Erin were beyond the scope of the settlement and the accounting. However, Erin met her burden of producing evidence that the accounting was incomplete and inaccurate with respect to a $200,000 payment from the 1984 Consolidated Trust to Jeffrey pending the sale of real property in Los Angeles (hereinafter the Rimpau property) (*see Matter of Tract,* 284 AD2d 543; *Matter of Schnare,* 191 AD2d 859). In particular, Erin submitted documentation which reflects that the $200,000 payment was, in fact, a loan to Jeffrey that was never repaid to the 1984 Consolidated Trust, whereas the accounting reflects that this $200,000 was a distribution of trust principal. Under these circumstances, Erin's objection with respect to the Rimpau property transaction should not have been dismissed.

Erin also demonstrated that the accounting failed to provide full information regarding the Butler Insurance Holding Trust and Butler Title Holding Trust, despite the fact that the settlement separately included those trusts as part of the 1984 Consolidated Trust. The trustees' assertions that the Butler Insurance Holding Trust was the same as "various life insurance trusts," and that the Butler Title Holding Trust did not benefit the beneficiaries of the 1984 Consolidated Trust, are conclusory and unsupported by any documentation Accordingly, Erin's objection with respect to the completeness and accuracy of the account in this regard should not have been dismissed.

Erin's remaining contentions are without merit. Santucci, J.P., Altman, Townes and Crane, JJ., concur.