■ BONDED WATERPROOFING SERVICES, INC., Respondent, v ANDERSON-BERNARD AGENCY, INC., et al., Appellants. [927 NYS2d 133]—

This action arises from a disclaimer of insurance coverage by the defendant National Indemnity Company (hereinafter NIC) under a general commercial liability policy issued to the plaintiff, Bonded Waterproofing Services, Inc. (hereinafter Bonded). The subject policy was negotiated and procured for Bonded by the defendant Anderson-Bernard Agency, Inc. (hereinafter A-B), and Thomas Bernard, the principal of A-B, who

were insurance brokers who procured coverage for Bonded on an annual basis. Bonded and A-B have their principal places of business in New Jersey, where Bernard also resides and where the subject policy was procured and executed.

NIC disclaimed coverage in connection with a claim asserted by a worker who was injured at a Bonded construction work site in Queens. The disclaimer was based on an express exclusion from coverage in the policy for work performed within the five boroughs of the City of New York. Bonded thereafter commenced this action against A-B, Bernard, and NIC, alleging, among other things, that A-B and Bernard had misrepresented the coverage obtained on Bonded's behalf, had breached their contract with Bonded to obtain appropriate coverage, and were negligent in failing to obtain adequate insurance. Bonded further alleged that NIC was vicariously liable for the conduct of A-B and Bernard, and should be estopped from denying coverage because A-B and Bernard acted as its agents.

A-B and Bernard moved, inter alia, pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the amended complaint insofar as asserted against them, and NIC separately moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the motions.

As an initial matter, the parties disagree as to whether the law of New York or New Jersey should apply to this action. In determining that question, the first inquiry must be whether there is an actual conflict between the laws of the two jurisdictions (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]; *Shaw v Carolina Coach*, 82 AD3d 98 [2011]). There is no conflict between the laws of New York and New Jersey with regard to the causes of action alleging breach of contract (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]; *Murphy v Implicito*, 392 NJ Super 245, 265, 920 A2d 678, 689-690 [2007]), negligent procurement of coverage (*see Jual Constr. Ltd. v A.C. Edwards, Inc.*, 74 AD3d 1150 [2010]; *Aden v Fortsh*, 169 NJ 64, 79, 776 A2d 792, 800-801 [2001]), and breach of the implied covenant of good faith and fair dealing (*see Turkat v Lalezarian Devs., Inc.*, 52 AD3d 595, 596 [2008]; *Kalogeras v 239 Broad Ave., L.L.C.*, 202 NJ 349, 366, 997 A2d 943, 953-954 [2010]). Moreover, the principles of agency and apparent authority are substantively the same in New York and New Jersey (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]; *New Jersey Lawyers' Fund for Client Protection v Stewart Tit. Guar. Co.*, 203 NJ 208, 220, 1 A3d 632, 639-640 [2010]).

However, New York law and New Jersey law differ with regard

to the elements of the cause of action sounding in negligent misrepresentation, since New York requires a showing of "a special or privity-like relationship" between the parties that New Jersey does not (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *cf. Kaufman v i-Stat Corp.*, 165 NJ 94, 109, 754 A2d 1188, 1195-1196 [2000]). The state with the most significant relationship to the particular issue in conflict (*see Indosuez Intl. Fin. v National Reserve Bank*, 98 NY2d 238, 245 [2002]; *J. Zeevi & Sons v Grindlays Bank [Uganda]*, 37 NY2d 220, 226-227 [1975], *cert denied* 423 US 866 [1975]) is New Jersey, since all of the relevant contacts lie in New Jersey. Accordingly, the law of that state should be applied to the negligent misrepresentation cause of action, as it is "the jurisdiction having the greatest interest in resolving the particular issue" (*Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]).

In view of the foregoing, the Supreme Court properly denied that branch of the motion of A-B and Bernard which was pursuant to CPLR 3211 (a) (7) to dismiss the negligent misrepresentation cause of action, since the elements of that cause of action were adequately pleaded under New Jersey law. Bonded alleged that A-B and Bernard issued a certificate of liability insurance to Bonded which misrepresented that Bonded was covered for the work conducted in Queens under the policy issued by NIC, and that Bonded reasonably and justifiably relied on that certificate to its detriment (*see Kaufman v i-Stat Corp.*, 165 NJ at 109, 754 A2d at 1195-1196).

Bonded also sufficiently stated a cause of action against A-B and Bernard to recover damages for breach of contract. Bonded alleged that it entered into an agreement with A-B and Bernard, whereby A-B and Bernard would procure appropriate liability coverage for Bonded on an annual basis, and that A-B and Bernard breached that agreement by procuring deficient coverage, which ultimately resulted in the disclaimer by NIC, relegating Bonded to defending itself in the underlying action (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d at 803; *Murphy v Implicito*, 392 NJ Super at 265, 920 A2d at 689-690).

Furthermore, the documentary evidence submitted by A-B and Bernard, including the insurance policy and the certificate of insurance, did not resolve "all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff's claim[s]" (*Trade Source v Westchester Wood Works*, 290 AD2d 437, 437 [2002] [internal quotation marks omitted]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]). Therefore, the Supreme Court properly denied those branches of the motion of A-B and Bernard which were pursuant to CPLR 3211 (a)

(1) to dismiss the amended complaint insofar as asserted against them.

The Supreme Court also properly denied that branch of the motion of A-B and Bernard which was pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the cause of action to recover damages for negligence asserted against them. A-B and Bernard contend that the negligence cause of action accrued at the time that the allegedly defective coverage was first procured, which occurred no later than March 2005. Since the complaint was filed more than three years later, they argue that the negligence cause of action was time-barred. The Court of Appeals, however, has held that the statute of limitations "does not [begin to] run until there is a legal right to relief" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). In other words, "accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (*id.* at 94). Since damages are a necessary element of a negligence cause of action (*see Lewiarz v Travco Ins. Co.*, 82 AD3d 1464, 1466 [2011]; *Hesse v Speece*, 204 AD2d 514 [1994]), such a cause of action is not cognizable until damages are sustained. "[W]here, as here, a claim against an insurance agent or broker relating to the failure of insurance coverage sounds in tort, the injury occurred and the plaintiffs were damaged when coverage was denied" (*Lewiarz v Travco Ins. Co.*, 82 AD3d at 1466; *see Lavandier v Landmark Ins. Co.*, 26 AD3d 264 [2006]; *Venditti v Liberty Mut. Ins. Co.*, 6 AD3d 961, 962 [2004]; *see also Bond v Progressive Ins. Co.*, 82 AD3d 1318 [2011]). Any loss of "an intangible property right" that may have been sustained by the plaintiff does not constitute an actual injury (*Kronos, Inc. v AVX Corp.*, 81 NY2d at 95). Since the plaintiff could not have established any harm of a tortious nature until its request for coverage and a defense was denied by NIC, its negligence cause of action against A-B and Bernard did not accrue until that time and, thus, its negligence cause of action was not time-barred. To the extent that prior decisions of this Court would require a different result (*see Atlantic Balloon & Novelty Corp. v American Motorists Ins. Co.*, 62 AD3d 920, 922 [2009]; *Mauro v Niemann Agency*, 303 AD2d 468 [2003]), they should no longer be followed.

The remaining contention of A-B and Bernard regarding the cause of action alleging breach of the implied covenant of good faith and fair dealing is without merit.

However, NIC's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted. NIC met its prima facie burden on the motion by demonstrating that it could not be held vicariously liable because

A-B and Bernard were not its agents, nor were they cloaked with apparent authority to act on its behalf (*see generally Hallock v State of New York*, 64 NY2d at 231; *New Jersey Lawyers' Fund for Client Protection v Stewart Tit. Guar. Co.*, 203 NJ at 220, 1 A3d at 639-640). Bonded failed to raise a triable issue of fact in opposition to NIC's motion. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur. **[Prior Case History: 27 Misc 3d 1216(A), 2010 NY Slip Op 50776(U).]**