■ UNITED STATES FIRE INSURANCE COMPANY, Respondent-Appellant, v NORTH SHORE RISK MANAGEMENT, Respondent-Appellant/Third-Party Plaintiff-Respondent-Appellant. CRUMP INSURANCE SERVICES, INC., et al., Third-Party Defendants-Appellants-Respondents. [980 NYS2d 35]—

Orders, Supreme Court, New York County (Carol Edmead, J.), entered April 3, 2012 and on or about September 19, 2012, which, to the extent appealed from as limited by the briefs, granted North Shore Risk Management's request to file a sepa-

rate motion for summary judgment dismissing US Fire's complaint based on statute of limitations grounds, denied North Shore's CPLR 3211 motion to dismiss US Fire's complaint, denied that portion of Crump's motion seeking dismissal of North Shore's third-party claim for contribution, and denied Inter-Reco's motion to dismiss the third-party complaint, unanimously modified, on the law, to grant North Shore's motion to file a separate motion for summary judgment against US Fire solely with respect to the breach of contract claim, and otherwise affirmed, without costs.

The main issue in dispute is whether the primary insurance policy issued by the Insurance Corp. of New York (Inscorp) to its insured, nonparty BFC Construction Corp., contained a single general aggregate, or a per construction site general aggregate, and thus whether US Fire's excess policy was triggered.

Since US Fire's contract claim accrued in 2001, when North Shore brokered the policies, US Fire's action, commenced in 2009 (CPLR 213), would be untimely absent some exception. US Fire's remaining tort claims against North Shore were not barred by the statute of limitations, however. Accordingly, that portion of North Shore's motion requesting leave to file a motion for summary judgment asserting a statute of limitations defense should be affirmed solely as to US Fire's breach of contract claim (*see Lamendola v Mossa*, 190 Misc 2d 147, 149 [App Term, 2d Dept 2001], citing *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399 [1993]; *see also Varga v Credit-Suisse*, 5 AD2d 289, 292 [1st Dept 1958], *affd* 5 NY2d 865 [1958]).

North Shore's CPLR 3211 motion to dismiss US Fire's complaint was properly denied, as the documentary evidence, i.e., the affidavits and emails of North Shore and Inter-Reco personnel, do not qualify as "documentary evidence" for purposes of CPLR 3211 (a) (1) (*see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *Rodolico v Rubin & Licatesi, P.C.*, 112 AD3d 608, 610 [2d Dept 2013]).

Although the agency agreement between US Fire and North Shore shows that North Shore was required to solicit, receive and send proposals for commercial line insurance contracts, it was only through the documentation and representations presented by North Shore that the US Fire policy was issued with the express understanding that the Inscorp policy contained a separate per project aggregate limit. Thus, while the motion court correctly dismissed North Shore's indemnification claims against the wholesale broker and underwriter third-party defendants based on the absence of vicarious liability, the contri-

bution claim remained viable against the potential tortfeasors (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 567-568 [1987]).

North Shore's third-party negligent misrepresentation claims, to which a three-year statute of limitations applied (*see Colon v Banco Popular N. Am.*, 59 AD3d 300, 301 [1st Dept 2009]), were timely, as there was no injury to North Shore until US Fire commenced its action against North Shore on March 27, 2009 (*see Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc.*, 86 AD3d 527, 530 [2d Dept 2011]).

Further, since the documentary evidence submitted by Crump and/or Inter-Reco, including the Inscorp insurance application and declarations pages, did not resolve "all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff's claim[s]" (*Bonded Waterproofing Servs., Inc.*, 86 AD3d at 529 [internal quotation marks omitted]), that portion of the third-party defendants' motions to dismiss the claim for negligent misrepresentation was properly denied. Accepting North Shore's allegations as true, the motion court also properly denied dismissal of this claim for failure to state a cause of action on the ground that discovery was necessary to determine the relationship between the parties and the promises that were made (*see Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]).

Inter-Reco's argument that there can be no liability of an agent acting on behalf of a disclosed principal (such as Inscorp) (*see A.B.N. Jewelry v American Alliance Ins. Co.*, 242 AD2d 457 [1st Dept 1997]) was properly rejected by the motion court, as the documentary evidence establishes only that Inter-Reco historically issued the subject endorsement believing that if the designated box were left empty, the aggregate limit applied to each construction site. Since Inscorp disagrees, discovery must proceed to determine the intent of the parties. Concur—Mazzarelli, J.P., Acosta, Saxe and Moskowitz, JJ.