■ In the Matter of JP MORGAN CHASE BANK, N.A., Respondent-Appellant; LISA KYLE et al., Appellants-Respondents. [24 NYS3d 667]—

In a proceeding to judicially settle an account, the objectants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 19, 2012, as denied that branch of their motion which was for leave to amend their objections, and the petitioner cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was to dismiss the objections.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the petitioner.

The Supreme Court properly denied that branch of the objectants' motion which was for leave to amend their objec-

tions to assert claims arising out of a related guardianship proceeding. The guardianship proceeding involves both the objectants, who are the petitioners in that proceeding, and the petitioner in this proceeding, JP Morgan Chase Bank, N.A. (hereinafter JP Morgan). The objectants sought to amend their objections to assert claims concerning JP Morgan's appeal, in the guardianship proceeding, from an order awarding counsel fees to the objectants, and its failure to oppose the payment of court-ordered counsel fees from the trust at issue in that proceeding. On a prior appeal in the guardianship proceeding, this Court expressly upheld the counsel fee awards to court-appointed attorneys and JP Morgan (*see Matter of Marion C.W. [Lisa K.—Maguire]*, 83 AD3d 1089 [2011]). On a separate prior appeal in that proceeding taken by JP Morgan, this Court reversed the granting of the objectants' motion for an award of counsel fees and expenses, and remitted the matter to the Supreme Court for a new determination of that motion (*see Matter of Marion C.W. [Lisa K.]*, 83 AD3d 1087 [2011]). The objectants are now precluded by the doctrine of collateral estoppel from relitigating those issues in this proceeding (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]).

The Supreme Court also properly denied that branch of JP Morgan's cross motion which was to dismiss the objections. The court correctly held that the doctrine of collateral estoppel did not apply to preclude the objectants from asserting objections to the accounting based upon certain alleged misappropriations from the subject trust. " 'The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling' " (*Matter of Sherwyn Toppin Mktg. Consultants, Inc. v New York State Liq. Auth.*, 103 AD3d 648, 650 [2013], quoting *Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]). A party who did not have the opportunity to appeal a determination did not have a full and fair opportunity to contest it (*see Augustine v Sugrue*, 8 AD3d 517, 519 [2004]). Although the allegations of trust misappropriations were litigated in the guardianship proceeding, the objectants were unable to obtain appellate review of those determinations as the guardianship proceeding abated upon the death of the alleged incapacitated person before a final judgment could be entered (*see generally People v Medina*, 208 AD2d 771, 772 [1994]; Restatement [Second] of Judgments § 28, Comment *a*). The court also properly concluded that JP Morgan failed to

establish its entitlement to dismissal of the objections based on legal insufficiency (*see Silkwood v Butler*, 297 AD2d 669 [2002]). JP Morgan's remaining contentions relating to this branch of its cross motion are without merit. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.