Giamundo v Dunn (2023 NY Slip Op 04422)

Giamundo v Dunn

2023 NY Slip Op 04422

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-00403
2021-04531
 (Index No. 709389/20)

[*1]Maria Giamundo, respondent, Cleveland 
v
Dunn 2nd, et al., defendants, Karen A. Sauter Insurance Agency, Inc., et al., appellants.

Saretsky Katz & Dranoff, LLP, Elmsford, NY (Patrick J. Dellay of counsel), for appellants.
Steven L. Barkan, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and breach of contract, the defendants Karen A. Sauter Insurance Agency, Inc., and State Farm Mutual Automobile Insurance Company appeal from (1) an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated January 5, 2021, and (2) an order of the same court dated May 20, 2021. The order dated January 5, 2021, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the second cause of action, and the third cause of action insofar as asserted against the defendant Karen A. Sauter Insurance Agency, Inc. The order dated May 20, 2021, insofar as appealed from, denied that branch of those defendants' motion which was for leave to reargue those branches of their prior motion which were for summary judgment dismissing the second cause of action, and the third cause of action insofar as asserted against the defendant Karen A. Sauter Insurance Agency, Inc.
ORDERED that the appeal from the order dated May 20, 2021, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 5, 2021, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Karen A. Sauter Insurance Agency, Inc., and State Farm Mutual Automobile Insurance Company which was for summary judgment dismissing the second cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs [*2]or disbursements.
In December 2011, while operating a vehicle insured by the defendant State Farm Mutual Automobile Insurance Company (hereinafter State Farm), Maria Giamundo was involved in an accident and allegedly sustained serious injuries when her car collided with a car owned by the defendant Robert Earl Dunn (hereinafter Dunn) and driven by the defendant Cleveland Dunn 2nd. Following the accident, Giamundo sought to collect on the supplementary uninsured/underinsured (hereinafter SUM) coverage provided for in her automobile insurance policy. The policy had been procured through the defendant Karen A. Sauter Insurance Agency, Inc. (hereinafter the Agency). State Farm denied Giamundo's claim on the ground that Dunn's vehicle was insured with bodily injury liability limits equal to or exceeding Giamundo's SUM coverage limits.
In or about 2012, Rose A. Smith-Dunn, who was a passenger in Dunn's vehicle at the time of the accident, commenced an action to recover damages for personal injuries against Giamundo, among others (hereinafter the personal injury action). Pursuant to Giamundo's insurance policy, State Farm retained counsel to defend Giamundo in the personal injury action.
In October 2012, Giamundo commenced this action against the Agency and State Farm (hereinafter together the defendants), among others. The second cause of action alleged that the defendants negligently procured and offered insufficient SUM coverage. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, Giamundo appealed, and this Court reversed, holding that the defendants failed to establish their prima facie entitlement to judgment as a matter of law because they submitted insufficient evidence that they procured the amount of coverage that Giamundo engaged them to procure (see Giamundo v Dunn, 157 AD3d 867, 868).
In January 2019, after a bifurcated jury trial in the personal injury action resulted in a verdict finding Giamundo to be 100% culpable for the accident, the defendants served an amended answer which added collateral estoppel as an affirmative defense. Giamundo served an amended complaint which asserted, inter alia, a third cause of action, alleging breach of contract against State Farm and the Agency.
Thereafter, the defendants moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them on various grounds, including collateral estoppel arising out of the personal injury action. The defendants contended, inter alia, that the determination in the personal injury action that Giamundo was 100% culpable for the subject accident was decisive in this action because it established that Giamundo was ineligible to obtain SUM benefits in any amount in connection with the subject accident, and, in effect, would be unable to establish damages to support her negligence and breach of contract causes of action. Giamundo opposed the motion, contending, among other things, that collateral estoppel should not apply because she lacked a full and fair opportunity to litigate in the prior action, as her attorneys in that action, who had been retained by State Farm, settled the matter before the damages trial, which prevented her from appealing the finding of liability. In an order dated January 5, 2021, the Supreme Court, inter alia, denied those branches of thse defendants' motion which were for summary judgment dismissing the second cause of action, alleging negligence, and the third cause of action, alleging breach of contract, insofar as asserted against the Agency, holding, among other things, that there was no identity of issues between this action and the personal injury action. However, the court [*3]granted that branch of the defendants' motion which was to dismiss the third cause of action insofar as asserted against State Farm upon other grounds. The defendants appeal.
The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69). In order to give prior determinations conclusive effect, two conditions must be met (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664). First, there must be "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" (Buechel v Bain, 97 NY2d 295, 303-304; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 69). "Second, the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination. The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 664).
Here, the issue of Giamundo's culpability for the accident was determined in the personal injury action, and the identical issue is decisive with respect to Giamundo's second cause of action. A jury determined that Giamundo was 100% culpable for the subject accident, and her sole culpability for the accident precludes her from obtaining SUM benefits in any amount (see generally Insurance Law § 3420[f][1]; 11 NYCRR 60-2.1[a]). "Any loss of an intangible property right that may have been sustained by the plaintiff does not constitute an actual injury" (Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 530 [internal quotation marks omitted]; see Kronos, Inc. v AVX Corp., 81 NY2d 90, 95). Thus, Giamundo is unable to prove that she sustained any losses as a result of the defendants' alleged failure to provide higher SUM benefits, and damages are an element of a cause of action for negligence (see Kronos, Inc. v AVX Corp., 81 NY2d at 96; AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d 624, 627; Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d at 530; Bond v Progressive Ins. Co., 82 AD3d 1318, 1321).
Contrary to the defendants' contention, we may consider, as an alternative ground for affirmance, Giamundo's contention that she did not have a full and fair opportunity to litigate in the personal injury action (see generally Parochial Bus Sys., Inc. v Board of Educ. of City of N.Y., 60 NY2d 539, 543). Nevertheless, Giamundo failed to establish that she lacked a full and fair opportunity to litigate in the prior action because she was represented by defense counsel retained by State Farm and, in accordance with the terms of her insurance policy, State Farm determined to settle the prior action within her policy limits instead of appealing the finding of liability (see generally Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 73-74; Restatement [Second] of Judgments § 28, Comment a; cf. Matter of JP Morgan Chase Bank, N.A. [Kyle], 135 AD3d 762, 763; Augustine v Sugrue, 8 AD3d 517, 518). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action.
However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against the Agency upon the ground of collateral estoppel. Unlike a negligence cause of action, nominal damages are available for breach of contract (see Kronos, Inc. v AVX Corp., 81 NY2d at 95; AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d at 627-628; Perry v McMahan, [*4]164 AD3d 1488, 1489-1490). Because actual damages are not an essential element of a breach of contract cause of action (see Perry v McMahan, 164 AD3d at 1489-1490), the fact that Giamundo is precluded from establishing actual damages in this action is not decisive on her breach of contract cause of action.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court