Jianjun Qiao v Tang
2026 NY Slip Op 03430
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jianjun Qiao, etc., respondent,
v
John Yong Tang, etc., et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-11113, (Index No. 719928/22)
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Tang, P.C. (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), appellant pro se and for appellants John Yong Tang and Yilan Li.
Geng & Associates, P.C., Flushing, NY (Andrew D. Solomon of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants John Yong Tang, Tang, P.C., and Yilan Li appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered August 15, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants John Yong Tang, Tang, P.C., and Yilan Li which were pursuant to CPLR 3211(a) to dismiss the first, fourth, sixth, seventh, and ninth causes of action insofar as asserted against them, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants John Yong Tang, Tang, P.C., and Yilan Li which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action insofar as asserted against the defendant Yilan Li, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant John Yong Tang, Tang's law firm, the defendant Tang, P.C., and Tang's wife, the defendant Yilan Li, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion. The plaintiff alleged that in August 2022, Tang and Tang, P.C., refused to return to the plaintiff certain funds that Tang and Tang, P.C., had agreed to hold in escrow in 2011.
Tang, Tang, P.C., and Yilan Li (hereinafter collectively the defendants) moved, among other things, pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against them. In an order entered August 15, 2023, the Supreme Court, inter alia, denied those branches of the motion. The defendants appeal.
"'On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged [*2]lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law'" (Bank of N.Y. Mellon v Tedeschi, 240 AD3d 466, 467, quoting Capital One, N.A. v Ludden, 192 AD3d 752, 753). Here, the defendants failed to establish, prima facie, the plaintiff's lack of standing as a matter of law, as the plaintiff was a party to the two 2011 agreements at issue (see Caprer v Nussbaum, 36 AD3d 176, 201). Contrary to the defendants' contention, this is not a case in which the Supreme Court should have declined to enforce an illegal contract, as neither of the contracts at issue was illegal on its face (see Tutor Perini Corp. v State of New York, 209 AD3d 692, 695; Alpha Interiors, Inc. v Tulger Constr. Corp., 101 AD3d 660, 661). Accordingly, the court properly denied dismissal of the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against the defendants for lack of standing.
The Supreme Court also properly denied dismissal of those causes of action insofar as asserted against the defendants on the ground of collateral estoppel. "The doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity'" (Giamundo v Dunn, 219 AD3d 878, 881, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The burden of proof is upon the proponent of collateral estoppel to establish the duplicative identity of the party against whom the doctrine is sought to be applied and the issues of the two proceedings" (Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69). Here, although the defendants established that the plaintiff was a party to a prior criminal proceeding, the defendants failed to establish that the source of the escrow funds at issue in this action was litigated or decided in the prior proceeding.
"A motion to dismiss pursuant to CPLR 3211(a)(1) on the ground that the action is barred by documentary evidence may be 'granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 855, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "'To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable'" (IPA Asset Mgt., LLC v Schuman, 239 AD3d 619, 621, quoting Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). Here, to the extent the defendants' submissions constituted documentary evidence, they did not utterly refute the plaintiff's allegations or establish a defense as a matter of law. Accordingly, the Supreme Court properly denied dismissal of the first, second, third, fourth, sixth, seventh, eighth, and ninth causes of action insofar as asserted against the defendants pursuant to CPLR 3211(a)(1).
"[O]n a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Farah v City of New York, 241 AD3d 1435, 1436, quoting Leon v Martinez, 84 NY2d 83, 87-88).
"'A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession'" (Agudas Chasidei Chabad of United States v Simpson, 239 AD3d 796, 797, quoting Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50). "'An action will lie to recover damages for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question'" (Neurological Surgery, P.C. v Group Health Inc., 224 AD3d 697, 699, quoting County of Nassau v Expedia, Inc., 120 AD3d 1178, 1180). Here, the complaint adequately alleged a cause of action to recover damages for conversion against Tang and Tang, P.C., as the complaint identified a specific fund, which those defendants were required to hold in escrow. The complaint further alleged that the plaintiff had an ownership interest in the escrow funds and that Tang and Tang, P.C., exercised unauthorized dominion and control over the funds by refusing to return the funds in response to the plaintiff's August 2022 request (see Family Health Mgt., LLC v Rohan Devs., LLC, 207 AD3d 136, 145; Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777-778). However, the complaint made no allegations against Yilan Li except that she is Tang's wife. Accordingly, the Supreme [*3]Court properly denied dismissal of the eighth cause of action, alleging conversion, insofar as asserted against Tang and Tang, P.C., pursuant to CPLR 3211(a)(7), but the court should have granted that branch of the defendants' motion which was to dismiss the eighth cause of action insofar as asserted against Yilan Li pursuant to CPLR 3211(a)(7).
"'On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of [establishing], prima facie, that the time in which to sue has expired'" (Filasky v Andover Cos., 230 AD3d 1297, 1298, quoting Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 737-738). "'The burden then shifts to the plaintiff to aver evidentiary facts establishing that his or her cause of action falls within an exception to the statute of limitations, or raising a question of fact as to whether such an exception applies, or as to whether the cause of action was interposed within the applicable statute of limitations'" (Morrow v Vibration Mountings & Controls, Inc., 223 AD3d at 738, quoting Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778-779).
"A cause of action sounding in breach of contract is governed by a six-year statute of limitations" (St. Hillaire v Torres, 229 AD3d 476, 477; see CPLR 213[2]). "A cause of action alleging breach of the implied covenant of good faith and fair dealing is also governed by a six-year statute of limitations" (Filasky v Andover Cos., 230 AD3d at 1300). "A breach of contract cause of action accrues at the time of the breach, even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (New York Bus Operators Compensation Trust v American Home Assur. Co., 241 AD3d 563, 566-567 [citations and internal quotation marks omitted]).
"'A cause of action alleging conversion is subject to a three-year limitations period'" (Merlino v Knudson, 214 AD3d 642, 645, quoting Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083; see CPLR 214[3]). "A cause of action [alleging] conversion accrues when the conversion or taking occurred, and not from discovery" (Merlino v Knudson, 214 AD3d at 645 [citations and internal quotation marks omitted]). "'However, where possession is originally lawful,' such causes of action do not accrue 'until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it'" (Agudas Chasidei Chabad of United States v Simpson, 239 AD3d at 798, quoting Siegler v Lippe, 189 AD3d 903, 904).
Here, the defendants failed to establish, prima facie, that the second cause of action, alleging breach of contract against Tang, the third cause of action, alleging breach of the implied covenant of good faith and fair dealing against Tang and Tang, P.C., and the eighth cause of action insofar as asserted against Tang and Tang, P.C., were barred by the statute of limitations. Accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference (see Matter of Village of Kiryas Joel v Mezrich Estates Condominiums, 237 AD3d 724, 724), those causes of action accrued in August 2022, when Tang and Tang, P.C., refused to return the escrow funds upon the plaintiff's demand. Accordingly, the Supreme Court properly denied dismissal of the second and third causes of action and the eighth cause of action insofar as asserted against Tang and Tang, P.C., as time-barred.
However, the plaintiff correctly concedes on appeal that the complaint failed to allege an essential element of a cause of action seeking disgorgement for breach of fiduciary duty (fourth cause of action) (see Feiner v Ostreicher, 241 AD3d 1281, 1283) and that the first, sixth, seventh, and ninth causes of action were time-barred. Accordingly, those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, fourth, sixth, seventh, and ninth causes of action insofar as asserted against them should have been granted (see Perez v Y & M Transp. Corp., 219 AD3d 1449, 1451).
The defendants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court