■ Naomi Zilkha, Respondent, v Mutual Life Insurance Company of New York, Appellant. [732 NYS2d 51] —In an action to obtain benefits pursuant to a disability insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated April 13, 2000, which denied its motion for summary judgment dismissing the complaint and for judgment on its counterclaim seeking rescission of the policy.

Ordered that the order is affirmed, with costs.

In order to establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented (*see, Penn Mut. Life Ins. Co. v Remling,* 268 AD2d 572, 573; Insurance Law § 3105 [b]). Ordinarily, the issue of materiality is a question of fact for the jury (*see, Process Plants Corp. v Beneficial Natl. Life Ins. Co.,* 53 AD2d 214, 216, *affd* 42 NY2d 928). Here, there are issues of fact as to whether the plaintiff was, in fact, treated for certain medical conditions which she failed to disclose and whether any such alleged misrepresentations were material. Consequently, the defendant's motion for summary judgment was properly denied. Altman, J. P., Krausman, Friedmann and Schmidt, JJ., concur.