■ ROBERT SCHIRMER et al., Respondents, v ROBERT A. PEN-KERT, Defendant and Third-Party Plaintiff-Appellant. M & R MARCUS COMPANY EAST MEADOW, LTD., Third-Party Defendant-Respondent. (Action No. 1.) ROBERT SCHIRMER et al., Plaintiffs, v UTICA FIRST INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. ROBERT A. PENKERT, Third-Party Defendant-Appellant. (Action No. 2.) ROBERT A. PENKERT, Doing Business as WOODCLEFT CABINET Co., Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent, et al., Defendants. (Action No. 3.) [840 NYS2d 796]—

In three related actions, inter alia, to recover damages for personal injuries, etc., for indemnification, and for a judgment declaring that Utica First Insurance Company, the defendant in actions Nos. 2 and 3, is obligated to defend and indemnify Robert A. Penkert in action No. 1, Robert A. Penkert appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 4, 2004, as (a) denied that branch of his motion which was for summary judgment dismissing the third-party complaint in action No. 2 and declaring that Utica First Insurance Company is obligated to defend and indemnify him in action No. 1, (b) denied that branch of his motion which was for summary judgment on the third-party complaint in action No. 1 and granted that branch of the cross motion of M & R Marcus Company East Meadow, Ltd., the third-party defendant in action No.1, which was for summary judgment dismissing the third-party complaint in that action, and (c) granted the cross motion of

Utica First Insurance Company for summary judgment in its favor in actions Nos. 2 and 3.

Ordered that the appeal from so much of the order as denied that branch of the appellant's motion which was for summary judgment on the third-party complaint in action No. 1 and granted that branch of the cross motion of the third-party defendant in action No. 1 which was for summary judgment dismissing the third-party complaint in that action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the cross motion of Utica First Insurance Company for summary judgment in its favor in actions Nos. 2 and 3, and substituting therefor a provision denying that cross motion, and (2) by deleting the provision thereof denying that branch of the motion of Robert A. Penkert which was for summary judgment dismissing the third-party complaint against him in action No. 2 and declaring that Utica First Insurance Company is obligated to defend and indemnify him in action No. 1, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Utica First Insurance Company is obligated to defend and indemnify Robert A. Penkert in action No. 1.

Robert A. Penkert, the defendant in an action to recover damages for personal injuries, etc., brought by the plaintiffs Robert Schirmer and Diana Schirmer (hereinafter action No. 1), was insured under a commercial liability insurance policy issued by Utica First Insurance Company (hereinafter Utica) and placed by Penkert's insurance broker, M & R Marcus Company East Meadow, Ltd. (hereinafter M & R). The policy was in effect when Robert Schirmer, the injured plaintiff in action No. 1, fell from an allegedly defective ladder while climbing from his boat in dock space he rented from Penkert at the insured premises. When the summons and complaint in action No. 1 were served on Penkert, he forwarded them to Utica, which promptly disclaimed. Utica first relied on a watercraft exclusion and next on an artisan contractor's survey in which Penkert represented that his primary work was cabinet making and that there was no watercraft exposure on this coverage.

This disclaimer was the subject of an earlier motion by Penkert for summary judgment against Utica. In denying that motion, the Supreme Court, Nassau County (Warshawsky, J.), observed that Utica abandoned the first branch of the dis-

claimer—the watercraft exclusion—and held that the second branch sufficed to put Penkert on notice that he was being charged with a material misrepresentation. This, the court held, was an adequate disclaimer letter. Not decided in that motion was whether the grounds for disclaimer as asserted in the disclaimer letter were legally adequate. The court held that the question of whether "Penkert materially misrepresented the dock use on his property in Question 6 under the General Information portion of his insurance application for renewal, or Page 1 of the Artisan Contractor Survey, the question on which this action turns, is not answerable until further discovery is conducted." Penkert appealed from this order denying his motion for summary judgment. His appeal, however, was dismissed by decision and order on motion of this Court dated July 12, 2002, for failure to prosecute.

A note of issue was filed and Penkert moved again for summary judgment against, among others, Utica and M & R. Utica moved for summary judgment against, among others, Penkert. Meanwhile, M & R cross-moved for summary judgment against Penkert.

The Supreme Court found that M & R did not commit broker malpractice as alleged in Penkert's third-party complaint in action No. 1, and it therefore granted M & R's cross motion for summary judgment against Penkert. The Supreme Court also denied that branch of Penkert's motion which sought summary judgment against Utica and granted Utica's cross motion for summary judgment in its favor in actions Nos. 2 and 3.

We agree with Penkert's contention that the Supreme Court erred in granting Utica's cross motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Utica cross-moved based on its claim that it established the sole remaining basis for disclaiming coverage for the tort claims alleged in action No. 1 against Penkert—a material misrepresentation by Penkert. "[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]; *see* Insurance Law § 3105 [b]). The issue of materiality is generally a question of fact for the jury (*see Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216 [1976], *affd* 42 NY2d 928 [1977]).

To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to

similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application (*see* Insurance Law § 3105 [c]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *Tuminelli v First Unum Life Ins. Co.*, 232 AD2d 547 [1996]; *cf. Shapiro v Allstate Life Ins. Co. of N.Y.*, 202 AD2d 659, 660 [1994]). Conclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law (*see Curanovic v New York Cent. Mut. Fire Ins. Co.*, *supra*; *Tuminelli v First Unum Life Ins. Co.*, *supra*). Assuming that Penkert made the misrepresentations complained of, the conclusory statement by, among others, Utica's underwriter was insufficient to establish materiality as a matter of law (*see Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540-541 [2005]; *Iacovangelo v Allstate Life Ins. Co. of N.Y.*, 300 AD2d 1132, 1133 [2002]). Thus, Utica's motion for summary judgment in its favor in actions Nos. 2 and 3 should have been denied based upon Utica's failure to establish prima facie its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, *supra*).

By contrast, Penkert did establish his entitlement to judgment as a matter of law on his defense and indemnification claim against Utica (*see Banuchis v Government Empls. Ins. Co.*, 14 AD3d 581, 582 [2005]). Penkert established as a matter of law that Utica cannot prevail on its second, remaining, branch of disclaimer (the first branch having been abandoned), namely a material misrepresentation in the artisan contractor's survey. This survey was taken on November 14, 1995, subsequent to the issuance of the policy on November 9, 1995. The fact that Penkert may not, under *Bray v Cox* (38 NY2d 350 [1976]), raise any claim that Utica's disclaimer was invalid for failing expressly to claim that Penkert misrepresented the watercraft exposure in no way undermines his current argument that this misrepresentation was not made before Utica actually issued the liability insurance policy (*see* Insurance Law § 3105 [a]). Since Utica's disclaimer asserted no misrepresentation other than the one in the artisan contractor's survey, there remains no other basis on which to apply its disclaimer of its obligation to defend and indemnify Penkert in action No. 1.

The foregoing, among other reasons, sufficed to establish Penkert's entitlement to summary judgment and a declaration that Utica is obligated to defend and indemnify Penkert as a defendant in action No. 1. Thus, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that Utica is obligated to defend and indemnify Penkert in the main action.

In light of our disposition of the appeal from so much of the order as concerns Penkert's claim against Utica, the appeal from so much of the order as denied that branch of Penkert's motion which was for summary judgment on the third-party complaint in action No. 1 and granted summary judgment to M & R dismissing Penkert's third-party complaint in action No. 1 has been rendered academic. Crane, J.P., Goldstein, Dillon and Covello, JJ., concur.