■ NATALIYA VARSHAVSKAYA et al., Appellants, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent. [890 NYS2d 643]—

"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.,* 287 AD2d 713, 714 [2001]; *see Schirmer v Penkert,* 41 AD3d 688, 690 [2007]; Insurance Law § 3105 [b]). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (*Schirmer v Penkert,* 41 AD3d at 690-691; *see Parmar v Hermitage Ins. Co.,* 21 AD3d 538, 540 [2005]; *Curanovic v New York Cent. Mut. Fire Ins. Co.,* 307 AD2d 435, 437 [2003]).

Here, the defendant insurer demonstrated its prima facie entitlement to judgment as a matter of law. The defendant established that the decedent's misrepresentation was material as a matter of law by submitting an affidavit of its associate chief underwriter and relevant portions of its underwriting manual which showed that the defendant would not have issued the same policy if the correct information pertaining to his income had been disclosed in the application (*see Roudneva v Bankers Life Ins. Co. of N.Y.,* 35 AD3d 580, 581 [2006]; *Gorra v New York Life Ins. Co.,* 276 AD2d 469, 470 [2000]; Insurance Law § 3105 [c]; *cf. Schirmer v Penkert,* 41 AD3d at 690-691; *Parmar v Hermitage Ins. Co.,* 21 AD3d at 540). In response, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the complaint. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.