██ EDWARD J. NOVICK, Respondent, v MIDDLESEX MUTUAL ASSURANCE COMPANY, Appellant. [924 NYS2d 296]—

In an action to recover the proceeds of a marine insurance policy, the defendant appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 29, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish its right to rescind an insurance policy, an insurer must show that the insured made a material misrepresentation when he or she secured the policy (*see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d at 714). " 'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application' " (*Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856, quoting *Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]; *see also* Insurance Law § 3105 [c]). However, "[c]onclusory statements by

insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law" (*Schirmer v Penkert*, 41 AD3d at 691; *accord Tuminelli v First Unum Life Ins. Co.*, 232 AD2d 547 [1996]). Here, the defendant insurer failed to establish, prima facie, that the plaintiff's misrepresentation was material as a matter of law (*see Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 438 [2003]; *Tuminelli v First Unum Life Ins. Co.*, 232 AD2d at 547).

The defendant's remaining contentions are without merit.

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly denied (*see Schirmer v Penkert*, 41 AD3d at 691). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.