■ INTERBORO INSURANCE COMPANY, Respondent, v MIRUKU FATMIR, Defendant, and FLORI SILVESTRO, Appellant. [933 NYS2d 343]—

To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepre-

sentation of fact when he or she secured the policy (*see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330 [2011]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Schirmer v Penkert*, 41 AD3d 688, 690 [2007]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented (*see* Insurance Law § 3105 [b]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d at 1330; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (*Schirmer v Penkert*, 41 AD3d at 690-691).

Here, the plaintiff insurance company established its prima facie entitlement to judgment as a matter of law by demonstrating that its insured made misrepresentations in his application for homeowner's insurance, and that it would not have issued the subject policy had the insured disclosed that he did not reside in the subject premises because dwellings that are not owner occupied are deemed an unacceptable risk under its underwriting guidelines (*see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856). In opposition, the appellant failed to raise a triable issue of fact. Although the appellant argued in opposition that the plaintiff failed to timely disclaim coverage pursuant to Insurance Law § 3420 (d), a disclaimer pursuant to Insurance Law § 3420 (d) was not required because the policy only provided liability coverage to the insured for premises which he and his household occupied for residential purposes and, thus, "the policy never provided coverage" for the claim at issue (*Metropolitan Prop. & Cas. Ins. Co. v Pulido*, 271 AD2d 57, 60 [2000]; *see generally Zappone v Home Ins. Co.*, 55 NY2d 131, 138 [1982]). While the plaintiff did not argue in the Supreme Court that a disclaimer was not required, "[o]n appeal, a respondent may [as here] proffer in support of affirmance any legal argument that may be resolved on the record, regardless of whether it has been argued previously, if the matter is one which could not have been countered by the appellant had it been raised in the trial court" (*Sega v State of New York*, 60 NY2d 183, 190 n 2 [1983]; *see Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216 [2011]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.