■ MICHAEL MORALES, Respondent, v CASTLEPOINT INSURANCE COMPANY, Appellant. [4 NYS3d 297]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated August 2, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant issued a dwelling policy (hereinafter the policy) insuring the plaintiff and covering certain premises that he owned at 369 Tompkins Avenue, Brooklyn (hereinafter the premises). The application submitted to the defendant to procure the policy represented that the premises were occupied by the plaintiff and served as his "primary residence." The first page of the policy indicated that the premises were owner-occupied. The policy was renewed on a yearly basis and was in full force and effect on January 14, 2011. It is undisputed that the plaintiff never lived at the premises.

On January 14, 2011, the premises allegedly were damaged by fire. Thereafter, the plaintiff was notified that the defendant was disclaiming coverage on the ground that he had made a material misrepresentation. The plaintiff commenced this action to recover damages for breach of the policy. The defendant answered and asserted, among other affirmative defenses, that the policy was void ab initio as a result of the plaintiff's material misrepresentation that he occupied the premises. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

"[T]o establish its right to rescind an insurance policy, an

insurer must demonstrate that the insured made a material misrepresentation" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]; *see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Schirmer v Penkert*, 41 AD3d 688, 690 [2007]). "A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof" (Insurance Law § 3105 [a]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d at 714; *see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856; *Schirmer v Penkert*, 41 AD3d at 690; Insurance Law § 3105 [b]). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (*Schirmer v Penkert*, 41 AD3d at 690-691; *see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856; *Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540 [2005]).

Here, the defendant demonstrated, prima facie, that the application for insurance contained a misrepresentation regarding whether the premises would be owner-occupied and that this misrepresentation was material (*see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856; *Roudneva v Bankers Life Ins. Co. of N.Y.*, 35 AD3d 580, 581 [2006]). Contrary to the plaintiff's contention, the defendant established that the material misrepresentation is attributable to him since, even if the application for insurance had been submitted without his actual or apparent authority, he ratified the representations contained in the application by accepting the policy for owner-occupied premises and permitting it to be renewed for years thereafter on the same terms (*see generally Holm v C.M.P. Sheet Metal*, 89 AD2d 229, 232 [1982]; Restatement [Third] of Agency § 4.07, Comment *b*; 12 Richard A. Lord, Williston on Contracts § 35:22 [4th ed]).

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.