■ WATERS EDGE @ JUDE THADDEUS LANDING, INC., et al., Appellants-Respondents, v B & G GROUP, INC., Respondent-Appellants, et al., Defendants. [10 NYS3d 563]—

In an action, inter alia, to recover damages for breach of contract, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated February 20, 2014, as granted that branch of the motion of the defendants B & G Group, Inc., Arthur P. Kaplan Agency, Inc., and Todd J. Kaplan, individually, which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging breach of a fiduciary duty, and denied that branch of their cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action alleging fraud, and the defendants B & G Group, Inc., Arthur P. Kaplan Agency, Inc., and Todd J. Kaplan, individually, cross-appeal from so much of the same order as denied those branches of their motion which were to dismiss the causes of action alleging negligence and breach of contract, and (2) the plaintiffs appeal from so much of an order of the same court dated August 20, 2014, as denied their motion, denominated as one for leave to renew and

reargue, but which was, in actuality, one for leave to reargue portions of their cross motion and their opposition to the motion.

Ordered that the cross appeal by the defendants B & G Group, Inc., Arthur P. Kaplan Agency, Inc., and Todd J. Kaplan, individually, is dismissed as abandoned; and it is further,

Ordered that the appeal from the order dated August 20, 2014, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 20, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants B & G Group, Inc., Arthur P. Kaplan Agency, Inc., and Todd J. Kaplan, individually.

The common-law rule is that "an insurance broker acting as an agent of its customer has a duty of reasonable care to the customer to obtain [specifically] requested coverage within a reasonable time after the request, or to inform the customer of the agent's inability to do so, [but] the agent owes no continuing duty to advise, guide or direct the customer insured to obtain additional coverage" (*Hjemdahl-Monsen v Faulkner*, 204 AD2d 516, 516 [1994] [citation and internal quotation marks omitted]; *see Voss v Netherlands Ins. Co.*, 22 NY3d 728 [2014]; *Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). However "[w]here a special relationship develops between the broker and client, [the] broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage" (*Voss v Netherlands Ins. Co.*, 22 NY3d at 735; *see Murphy v Kuhn*, 90 NY2d at 272-273). The Court of Appeals has identified three "exceptional situations" which may give rise to such a special relationship: " '(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on' " (*Voss v Netherlands Ins. Co.*, 22 NY3d at 735, quoting *Murphy v Kuhn*, 90 NY2d at 272).

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), "the court should accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Simos v Vic-Armen Realty, LLC*, 92 AD3d 760, 761 [2012] [internal quota-

tion marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the Supreme Court properly determined that the plaintiffs failed to state a cause of action against the defendants B & G Group, Inc., Arthur P. Kaplan Agency, Inc., and Todd J. Kaplan, individually (hereinafter collectively the B & G defendants), to recover damages for breach of a fiduciary duty because they failed to allege the existence of a special relationship above and beyond the ordinary broker-client relationship (*see Voss v Netherlands Ins. Co.*, 22 NY3d at 735; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 158 [2006]; *Murphy v Kuhn*, 90 NY2d at 272; *cf. Shenorock Shore Club v Rollins Agency*, 270 AD2d 330 [2000]).

Further, the Supreme Court properly determined that the plaintiffs could not state a cause of action against the B & G defendants to recover damages for fraud because that proposed cause of action was impermissibly premised upon the allegations underlying the breach of contract cause of action (*see Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 642 [2011]; *Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]; *cf. Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]), and the allegations were generally insufficient to state a cause of action sounding in fraud (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Cathy Daniels, Ltd. v Weingast*, 91 AD3d 431, 433 [2012]). Accordingly, the court properly denied that branch of the plaintiffs' cross motion which was for leave to amend the complaint so as to add a cause of action sounding in fraud, as it properly concluded that such an amendment was palpably without merit (*see Thone v Crown Equip. Corp.*, 27 AD3d 723, 724 [2006]).

The plaintiffs' motion, denominated as one for leave to renew and reargue, did not offer any new facts that had not been offered in opposition to the B & G defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, or in support of the plaintiffs' cross-motion pursuant to CPLR 3025 (b) for leave to amend the complaint. Therefore, the motion, although denominated as one for leave to renew and reargue, was, in actuality, only for leave to reargue, the denial of which is not appealable (*see* CPLR 2221 [d] [2]; [e] [2]; *Poulard v Judkins*, 102 AD3d 665, 666 [2013]). Accordingly, the plaintiffs' appeal from the order dated August 20, 2014, must be dismissed. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.