Compas Medical, P.C., as Assignee of NELSON JOSNER, Appellant, 
against
Praetorian Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 2, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. With respect to the first through third causes of action, defendant contended that it had timely denied the claims based on plaintiff's assignor's fraudulent procurement of the insurance policy, in that plaintiff's assignor had materially misrepresented his address in order to procure a lower insurance premium. Defendant further contended that the remaining claims (the fourth through sixth causes of action) were premature, as there were outstanding verification requests. By order entered October 2, 2014, the Civil Court denied plaintiff's motion and granted defendant's cross motion.
Plaintiff's motion was properly denied, as plaintiff did not demonstrate either that defendant had failed to deny the claims at issue within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Defendant's cross motion should also have been denied. With respect to the first through third causes of action, defendant failed to establish that it had timely mailed letters scheduling plaintiff's assignor's examination under oath (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]); therefore, defendant failed to demonstrate, as a matter of law, that it had tolled its time to deny those claims on the proffered ground of fraudulent procurement of the insurance policy (see Great Health Care Chiropractic, P.C. v Hanover Ins. Co., 42 Misc 3d 147[A], 2014 NY Slip Op 50359[U] [App Term, 2d Dept, 2d, 11th & 13th Jud [*2]Dists 2014]). Moreover, defendant failed to establish as a matter of law that the misrepresentation by plaintiff's assignor as to his place of residence was material (see Interboro Ins. Co. v Fatmir, 89 AD3d 993 [2011]). For the foregoing reasons, the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action should have been denied.
With respect to the fourth through sixth causes of action, defendant's claims examiner submitted an affidavit establishing the timely mailing of its verification requests and its follow-up verification requests (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123; Pomona Med. Diagnostics, P.C. v Travelers Ins. Co., 31 Misc 3d 127[A], 2011 NY Slip Op 50447[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Defendant also demonstrated prima facie that the requested verification information had not been received (see 11 NYCRR 65-3.8 [a]; Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492 [2005]). However, in response to the cross motion, plaintiff's owner submitted an affidavit which was sufficient to give rise to a presumption that the requested verification had been mailed to and received by defendant (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Thus, a triable issue of fact exists as to whether causes of action four through six are premature (see id.). 
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
Pesce, P.J., Weston and Elliot, JJ., concur.
Decision Date: June 22, 2016