■ ROMIL JOSEPH et al., Appellants, v INTERBORO INSURANCE COMPANY et al., Respondents, et al., Defendants. (And a Third-Party Action.) [42 NYS3d 316]—

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated July 9, 2014, which granted the separate motions of the defendants Interboro Insurance Company and Karis & Karis, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them and denied their cross motion, inter alia, to strike the pleadings of those defendants.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs are the owners of residential property located in Brooklyn. Prior to purchasing the premises, the plaintiffs' mortgage broker, Raymond McKayle of NRF Funding Corp., informed them that they needed insurance in order to close. Thereafter, McKayle, on the plaintiffs' behalf, contacted an insurance broker, Chris Karis, of the defendant Karis & Karis, Inc. (hereinafter Karis & Karis), to procure a homeowners' insurance policy based upon representations the plaintiffs made in their loan application that they would occupy the premises as their primary residence. Based on the information provided by McKayle, Karis completed an application for insurance, which said that the premises would be occupied by the plaintiffs as their primary residence. The plaintiffs signed the application, and thereafter, on the date of closing, a homeowners' insurance policy was issued by the defendant Interboro Insurance Company (hereinafter Interboro). After a fire occurred at the premises, Interboro discovered that the plaintiffs did not occupy the premises as their primary residence and rescinded the policy, contending that the plaintiffs, through a material misrepresentation, induced Interboro to issue a policy that it normally would not have issued. The plaintiffs then

commenced this action, inter alia, to recover damages for breach of contract and negligence. The Supreme Court granted the separate motions of Interboro and Karis & Karis for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiffs' cross motion, inter alia, for summary judgment on the complaint insofar as asserted against those defendants. The plaintiffs appeal.

The Supreme Court properly granted Interboro's motion for summary judgment dismissing the complaint insofar as asserted against it. "To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 993-994 [2011]; *see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330, 1330 [2011]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). "A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof" (Insurance Law § 3105 [a]; *see Morales v Castlepoint Ins. Co.*, 125 AD3d 947, 948 [2015]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994; *see* Insurance Law § 3105 [b]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d at 1330; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices that show that it would not have issued the policy if the correct information had been disclosed in the application (*see Interboro Ins. Co. v Fatmir*, 89 AD3d at 994; *Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]).

Here, Interboro established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiffs' application for insurance contained a misrepresentation regarding whether the premises would be owner occupied and that it would not have issued the subject policy if the application had disclosed that the subject premises would not be owner occupied (*see Morales v Castlepoint Ins. Co.*, 125 AD3d at 948; *James v Tower Ins. Co. of N.Y.*, 112 AD3d 786, 787 [2013]; *Interboro Ins. Co. v Fatmir*, 89 AD3d at 993-994).

In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs admit that, at the time the application was

completed, they did not intend to occupy the premises. Thus, contrary to the plaintiffs' contentions, although the application was completed prior to closing and prior to the inception of the policy, the representation therein that the premises was an owner-occupied primary residence established, in effect, a material misrepresentation of a then existing fact that the premises would be owner occupied, which was sufficient for rescission under Insurance Law § 3105 (see *Morales v Castlepoint Ins. Co.*, 125 AD3d at 948; see also *Brown v Lockwood*, 76 AD2d 721 [1980]).

Contrary to the plaintiffs' contentions, secondary evidence of the application for insurance which was signed by the plaintiffs in December 2009 constituted proof in admissible form (see *Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639 [1994]; see also CPLR 4539 [b]). Moreover, the plaintiffs' contention that the unsigned application dated March 16, 2010, did not constitute admissible proof lacks merit.

While an answer to an ambiguous question on an insurance application cannot be the basis for a claim of misrepresentation (see *Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co.*, 38 AD3d 231, 232 [2007]; *Fanger v Manhattan Life Ins. Co. of N.Y., N.Y.*, 273 AD2d 438, 439 [2000]; *Garcia v American Gen. Life Ins. Co. of N.Y.*, 264 AD2d 808, 809 [1999]; *Nadel v Manhattan Life Ins. Co.*, 211 AD2d 900, 901 [1995]), here, the question was not ambiguous. In any event, as the plaintiffs admitted that they did not read the application when they signed it, they could not have been misled by any unclear language (see *Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co.*, 38 AD3d at 232).

The plaintiffs' contention that Interboro was required to establish that the plaintiffs' misrepresentation was willful also lacks merit. With limited exception, a material misrepresentation, even if innocent or unintentional, is sufficient to warrant rescission of an insurance policy (see *Smith v Guardian Life Ins. Co. of Am.*, 116 AD3d 1031, 1032 [2014]; *Security Mut. Ins. Co. v Perkins*, 86 AD3d 702, 703 [2011]; *McLaughlin v Nationwide Mut. Fire Ins. Co.*, 8 AD3d 739, 740 [2004]; see also Insurance Law § 3105). Moreover, contrary to the plaintiffs' contentions, the policy did not require a showing of willfulness for rescission based on a misrepresentation made when applying for coverage.

Although there was a disputed issue of fact as to whether Karis & Karis was acting as Interboro's agent (see *Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004]), no triable issue of fact was raised with regard to whether Karis had any knowledge of

the material misrepresentations set forth in the application for insurance, and thus, contrary to the plaintiffs' contention, such knowledge could not be imputed to Interboro.

The Supreme Court also properly granted Karis & Karis's motion for summary judgment dismissing the complaint insofar as asserted against it. Generally, insurance brokers "have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (*Murphy v Kuhn*, 90 NY2d 266, 270 [1997]; *see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]; *American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d 730, 735 [2012]; *Waters Edge Jude Thaddeus Landing, Inc. v B & G Group, Inc.*, 129 AD3d 706, 707 [2015]). Thus, generally, "[t]o set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy" (*American Bldg. Supply Corp. v Petrocelli Group, Inc.*, 19 NY3d at 735; *see Voss v Netherlands Ins. Co.*, 22 NY3d at 734; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d 152, 155 [2006]). However, where a special relationship develops between the broker and client, the broker may be liable for failing to advise or direct the client to obtain additional coverage even in the absence of a specific request (*see Voss v Netherlands Ins. Co.*, 22 NY3d at 735; *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.*, 7 NY3d at 158; *Murphy v Kuhn*, 90 NY2d 266, 272-273 [1997]). The Court of Appeals had identified three "exceptional situations that may give rise to a special relationship, thereby creating an additional duty of advisement: '(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on' " (*Voss v Netherlands Ins. Co.*, 22 NY3d at 735, quoting *Murphy v Kuhn*, 90 NY2d at 272).

Here, Karis & Karis established its prima facie entitlement to judgment as a matter of law by presenting evidence which demonstrated that it procured the insurance requested and that there was no exceptional situation giving rise to a special relationship (*see JKT Constr., Inc. v United States Liab. Ins. Group*, 39 AD3d 594 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion, inter alia, to strike the pleadings of Interboro and Karis & Karis, made on the ground of spoliation of evidence (*see Fossing v Townsend Manor Inn, Inc.*, 72 AD3d 884 [2010]; *Weber v Harley-Davidson Motor Co., Inc.*, 58 AD3d 719 [2009]; *Iannucci v Rose*, 8 AD3d 437 [2004]). Rivera, J.P., Roman, Cohen and Miller, JJ., concur.