Maxford, Inc., as Assignee of Awong, Niekel, Respondent, 
against
Erie Insurance Company of New York, Appellant.




Robyn M. Brilliant, P.C. (Robyn M. Brilliant and Barry Montrose of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered March 9, 2016. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint and, upon, in effect, denying plaintiff's motion for summary judgment, made, in effect, CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court, in effect, denied plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint, and found, in effect pursuant to CPLR 3212 (g), that plaintiff had established that it had mailed the bill to defendant, that the bill was unpaid, and that defendant had timely denied the claim. The court limited the issues for trial to defendant's basis for denying the claim, to wit, that plaintiff's assignor had fraudulently procured the insurance policy by materially misrepresenting her address to obtain a lower insurance premium. Defendant appeals from so much of the order entered March 9, 2016 as denied defendant's cross motion for summary judgment dismissing the complaint and made, in effect, CPLR 3212 (g) findings in plaintiff's favor.
On appeal, defendant fails to articulate a sufficient basis to strike the Civil Court findings, in effect pursuant to CPLR 3212 (g), in plaintiff's favor (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
Defendant cross-moved on the ground that plaintiff's assignor had fraudulently procured the insurance policy in question by making a material misrepresentation on her policy application as to her place of residence and the principal location for the garaging of the vehicle which was to be insured. Upon a review of the record, we find that defendant failed to establish as a matter [*2]of law " 'that it would not have issued the same policy if the correct information had been disclosed in the application' " (Interboro Ins. Co. v Fatmir, 89 AD3d 993, 994 [2011], quoting Schirmer v Penkert, 41 AD3d 688, 691 [2007]; see Renelique v National Liab. & Fire Ins. Co., 53 Misc 3d 147[A], 2016 NY Slip Op 51615[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Defendant further asserts that plaintiff is collaterally estopped from maintaining the present action by virtue of an order, rendered on default, by the Civil Court, Queens County (Richard G. Latin, J.), in an action against plaintiff's assignor, finding that the assignor had made "material and/or fraudulent misrepresentations" on her application for the insurance policy. However, the doctrine of collateral estoppel is not applicable here, as plaintiff was not named in the Civil Court, Queens County, action, and, thus, plaintiff was not in privity with the assignor (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 486-487 [1979]; Magic Recovery Med. & Surgical Supply Inc. v State Farm Mut. Auto. Ins. Co., 27 Misc 3d 67, 69 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In view of the foregoing, we reach no other issue.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018