Piller v Otsego Mut. Fire Ins. Co. (2018 NY Slip Op 05615)





Piller v Otsego Mut. Fire Ins. Co.


2018 NY Slip Op 05615


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-01805
 (Index No. 500064/12)

[*1]Moshe Piller, et al., appellants, 
v
Otsego Mutual Fire Insurance Company, respondent, et al., defendant.


Lerner, Arnold & Winston, LLP (Lipsius-BenHaim Law LLP, Kew Gardens, NY [Ira S. Lipsius and Alexander J. Sperber], of counsel), for appellants.
Fishman and Tynan (Carol R. Finocchio, New York, NY of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernard Graham, J.), dated January 8, 2016. The order, insofar as appealed from, granted the motion of the defendant Otsego Mutual Fire Insurance Company for summary judgment on its counterclaim for a judgment declaring that the subject insurance policy was void ab initio and that it was not obligated to defend or indemnify the plaintiffs regarding their claim thereunder, and dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject insurance policy was void ab initio and that the defendant Otsego Mutual Fire Insurance Company is not obligated to defend or indemnify the plaintiffs regarding their claim thereunder.
In 2002, the plaintiffs purchased a townhouse in Monsey. They filled out an application for homeowners' insurance with the defendant Otsego Mutual Fire Insurance Company (hereinafter Otsego Mutual). In the application, the plaintiffs represented, among other things, that the townhouse was their primary dwelling, that it was a single family dwelling, that it was occupied daily by the owner, and that they did not own, occupy, or rent any other residences. Based on that information, Otsego Mutual issued the insurance policy, with the plaintiffs as the named insureds. The insurance policy was continually renewed.
In 2011, the plaintiffs made a claim under the insurance policy for water damage sustained when a pipe broke. In investigating the claim, Otsego Mutual discovered that the plaintiffs had never lived at the townhouse. Instead, they lived in Brooklyn, and the townhouse had been continually occupied since 2002 by their daughter and her family. Therefore, Otsego Mutual informed the plaintiffs that it was disclaiming coverage and voiding the policy because the plaintiffs had failed to disclose, inter alia, that (1) the townhouse was not their primary residence, (2) the townhouse was not owner-occupied, and (3) they owned and occupied a separate residence.
In January 2012, the plaintiffs commenced this action against Otsego Mutual and another defendant alleging, inter alia, breach of contract. Based on the material misrepresentations the plaintiffs had made in their insurance application that the townhouse was owner-occupied, Otsego Mutual asserted a counterclaim for a judgment declaring that the insurance policy was void ab initio and that it was not obligated to defend or indemnify the plaintiffs regarding their claim thereunder, and then moved for summary judgment on its counterclaim and dismissing the complaint insofar as asserted against it. Finding that the plaintiffs had made material misrepresentations on their insurance application, the Supreme Court, inter alia, granted Otsego Mutual's motion. The plaintiffs appeal.
"To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy" (Joseph v Interboro Ins. Co., 144 AD3d 1105, 1106 [internal quotation marks omitted]; see Interboro Ins. Co. v Fatmir, 89 AD3d 993, 993-994; Novick v Middlesex Mut. Assur. Co., 84 AD3d 1330, 1330; Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d 855, 856). "A representation is a statement as to past or present fact, made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making of the insurance contract as an inducement to the making thereof" (Insurance Law § 3105[a]; see Morales v Castlepoint Ins. Co., 125 AD3d 947, 948). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Interboro Ins. Co. v. Fatmir, 89 AD3d at 994; see Insurance Law § 3105[b][1]; Novick v Middlesex Mut. Assur. Co., 84 AD3d at 1330; Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d at 856). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (Morales v Castlepoint Ins. Co., 125 AD3d at 948 [internal quotation marks omitted] ; see Joseph v Interboro Ins. Co., 144 AD3d at 1106; Interboro Ins. Co. v Fatmir, 89 AD3d at 994; Schirmer v Penkert, 41 AD3d 688, 690-691).
Otsego Mutual established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the plaintiffs' application for insurance contained a material misrepresentation regarding whether the townhouse would be owner-occupied and that it would not have issued the subject policy if the application had disclosed that the townhouse would not be owner-occupied (see Joseph v Interboro Ins. Co., 144 AD3d at 1106; Morales v Castlepoint Ins. Co., 125 AD3d at 948; Interboro Ins. Co. v. Fatmir, 89 AD3d at 993-994).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that Otsego Mutual was required to establish that their misrepresentation was willful lacks merit. With limited exception not applicable here, "a material misrepresentation, even if innocent or unintentional, is sufficient to warrant rescission of an insurance policy" (Joseph v Interboro Ins. Co., 144 AD3d at 1107; see Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1032; Security Mut. Ins. Co. v Perkins, 86 AD3d 702, 703; Precision Auto Accessories, Inc. v Utica First Ins. Co., 52 AD3d 1198, 1201; McLaughlin v Nationwide Mut. Fire Ins. Co., 8 AD3d 739, 740; see also Insurance Law § 3105).
The plaintiffs' remaining contention is improperly raised for the first time on appeal.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject insurance policy was void ab initio and that the defendant Otsego Mutual Fire Insurance Company is not obligated to defend or indemnify the plaintiffs regarding their claim thereunder.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court