AB Oil Servs., Ltd. v TCE Ins. Servs., Inc. (2020 NY Slip Op 06232)





AB Oil Servs., Ltd. v TCE Ins. Servs., Inc.


2020 NY Slip Op 06232


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-01323
2018-06999
 (Index No. 603133/17)

[*1]AB Oil Services, Ltd., etc., et al., appellants,
v
TCE Insurance Services, Inc., et al., respondents.


Paula Schwartz Frome, Garden City, NY, for appellants.
Trivella & Forte, LLP, White Plains, NY (Arthur J. Muller III of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and negligent misrepresentation and for declaratory relief, the plaintiffs appeal from (1) an amended order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated December 11, 2017, and (2) an order of the same court (Sanford Neil Berland, J.), dated May 24, 2018. The amended order dated December 11, 2017, granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated May 24, 2018, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to amend the complaint and, in effect, upon reargument, adhered to the original determination in the amended order dated December 11, 2017.
ORDERED that the appeal from the amended order dated December 11, 2017, is dismissed, as that order was superseded by so much of the order dated May 24, 2018, as was made upon reargument; and it is further,
ORDERED that the order dated May 24, 2018, is modified, on the law, by deleting the provisions thereof, in effect, upon reargument, adhering to the determination in the amended order dated December 11, 2017, granting those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action in the complaint, and substituting therefor provisions, in effect, upon reargument, denying those branches of the motion; as so modified, the order dated May 24, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs are in the business of environmental remediation. The defendants are insurance brokers who procured insurance for the plaintiffs covering the period from July 1, 2015, through June 30, 2016. The plaintiffs commenced this action against the defendants, asserting causes of action to recover damages for fraud and negligent misrepresentation, breach of contract, and negligent procurement, and for declaratory relief.
According to the complaint, in September 2015, the plaintiffs became interested in performing gas main repair work for Consolidated Edison (hereinafter Con Ed). The proposed [*2]agreement with Con Ed required that the plaintiffs have insurance, so the plaintiffs asked the defendants for a quote. The plaintiffs supplied a description of the job, a copy of the draft agreement, and the insurance requirements. In October 2015, the defendants informed the plaintiffs that their existing insurance policy already covered the proposed gas main repair work. The defendants provided a certificate of insurance naming Con Ed as an additional insured under that existing policy. The plaintiffs thereafter entered into the agreement, as proposed, with Con Ed on October 13, 2015.
The complaint alleges that the agreement the plaintiffs made with Con Ed was, in essence, a pilot program having three consecutive one-year terms, with the option to renew vested solely with Con Ed. In June 2016, a time well into the latter half of the first one-year term of the pilot program, the plaintiffs decided to bid for a permanent three-year contract to perform the same work. That same month, the defendants presented the plaintiffs with a quote for renewal of the existing insurance policy for the period from July 2016 through June 2017. The new quote increased the annual premium from $380,951.70 to $397,377. At some later point in June 2016, the plaintiffs submitted an irrevocable bid for the new contract with Con Ed. The plaintiffs allege that they priced their bid in part based on the increased rate that the defendants had quoted for the renewal of the existing insurance policy.
The plaintiffs further allege that they decided to shop for a lower insurance rate, but while doing so they discovered that the insurer had never been informed about the gas main repair work that the plaintiffs were performing. The insurer subsequently disavowed both coverage for that work under the existing policy as well as the $397,377 renewal quote. The plaintiffs allege that they obtained substitute coverage for one quarter from a different insurer at an annual rate of $691,595, and thereafter obtained more permanent coverage "with reduced protection" for an annual rate of approximately $650,000.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, and that motion was granted by the Supreme Court in an amended order dated December 11, 2017. The plaintiffs then moved for leave to reargue their opposition to the defendants' motion or, in the alternative, for leave to amend the complaint. In an order dated May 25, 2018, the court, in effect, upon reargument, adhered to the prior determination. The court also denied that branch of the plaintiffs' motion which was for leave to amend the complaint. The plaintiffs appeal.
"'On a motion pursuant to CPLR 3211(a)(7) to dismiss [a complaint] for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Murphy v Department of Educ. of City of N.Y., 155 AD3d 637, 638, quoting Phillips v Taco Bell Corp., 152 AD3d 806, 807).
"In order to be amenable to declaratory relief, '[a] dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination'" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d 840, 841, quoting Waterways Dev. Corp. v Lavalle, 28 AD3d 539, 540). "Consequently, the request for a declaratory judgment is premature 'if the future event is beyond the control of the parties and may never occur'" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d at 841, quoting New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531). "The threat of a hypothetical, contingent, or remote prejudice to a party does not represent a justiciable controversy" (Matter of Enlarged City School Dist. of Middletown v City of Middletown, 96 AD3d at 842). Here, in their first cause of action, the plaintiffs sought a judgment declaring, "that, if a claim is made or an action is commenced against [the plaintiffs] for repair work done during the period that [they] were not insured, defendants are obligated to defend and indemnify [the plaintiffs] for any such claim and/or action." "[T]he future event which would give rise to indemnification" under this requested declaration is "beyond the control of the parties and may never occur" (Kings Park Indus., Inc. v Affiliated Agency, Inc., 22 AD3d 466, 467). Accordingly, we agree with the Supreme Court's adherence to the original determination directing dismissal of the first cause of action as premature [*3](see id. at 467-468).
We also agree with the Supreme Court's decision to adhere to the original determination dismissing the fourth cause of action, sounding in negligent procurement. "Generally, insurance brokers 'have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so'" (Joseph v Interboro Ins. Co., 144 AD3d 1105, 1108, quoting Murphy v Kuhn, 90 NY2d 266, 270). Damages, however, "are a necessary element of a negligence cause of action" (Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d 527, 530; see Lewiarz v Travco Ins. Co., 82 AD3d 1464, 1466). A cause of action sounding in negligent procurement thus accrues "when coverage [is] denied" (Lewiarz v Travco Ins. Co., 82 AD3d at 1466). "Any loss of 'an intangible property right' that may have been sustained by the plaintiff does not constitute an actual injury" (Bonded Waterproofing Servs., Inc. v Anderson-Bernard Agency, Inc., 86 AD3d at 530, quoting Kronos, Inc. v AVX Corp., 81 NY2d 90, 95). Here, neither the complaint nor the proposed amended complaint allege a loss and resulting denial of coverage under the insurance policy that the defendants procured for the plaintiffs. The court therefore properly directed dismissal of the fourth cause of action as premature (see Bond v Progressive Ins. Co., 82 AD3d 1318, 1320-1321).
"Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (see CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387). Here, the plaintiffs' proposed amendments to the complaint were palpably insufficient and patently devoid of merit insofar as they restated the same premature causes of action to recover damages for negligent procurement and for declaratory relief (see Land v Forgione, 177 AD3d 862, 864). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for leave to amend the complaint.
We disagree, however, with the Supreme Court's determination directing dismissal of the third cause of action, sounding in breach of contract. To set forth a cause of action to recover damages for breach of contract against an insurance broker, "'a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy'" (Brannigan Christie Overhead v Door, 149 AD3d 892, 893-894, quoting Joseph v Interboro Ins. Co., 144 AD3d at 1108 [internal quotation marks omitted]). Here, the plaintiffs alleged that they made a specific request of the defendants to procure coverage for gas main repair work that the plaintiffs intended to perform for Con Ed beginning in the fall of 2015. The defendants allegedly represented that the plaintiffs' existing policy already covered that work, and they supplied a certificate of insurance naming Con Ed as an additional insured. Then, days before the policy expired, the plaintiffs' insurer disavowed coverage for the gas main repair work. Although the plaintiffs have not alleged any loss for which the insurer actually denied coverage, "[n]ominal damages are always available in breach of contract [causes of] action" (Kronos, Inc. v AVX Corp., 81 NY2d at 95; see Loughlin v Meghji, 186 AD3d 1633). Put differently, "a party's rights in contract arise from the parties' promises and exist independent of any breach. Nominal damages allow vindication of those rights" (Kronos, Inc. v AVX Corp., 81 NY2d at 96). As a consequence, and contrary to the defendants' contention, "actual damages are not an essential element" of a breach of contract cause of action (Perry v McMahan, 164 AD3d 1488, 1489). We therefore conclude that the Supreme Court should not have adhered to the original determination to dismiss the third cause of action as premature for lack of actual damages (see id. at 1489-1490).
We also disagree with the Supreme Court's decision, upon reargument, to adhere to the determination directing dismissal of the second cause of action, sounding in fraud and negligent misrepresentation. "Where a special relationship develops between the broker and client, [the] broker may be liable . . . for failing to advise or direct the client to obtain additional coverage" (Voss v Netherlands Ins. Co., 22 NY3d 728, 735; see Murphy v Kuhn, 90 NY2d at 272-273). "The Court of Appeals has identified three 'exceptional situations' which may give rise to such a special relationship: '(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time [*4]which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on'" (Waters Edge &commat; Jude Thaddeus Landing, Inc. v B & G Group, Inc., 129 AD3d 706, 707, quoting Voss v Netherlands Ins. Co., 22 NY3d at 735 [internal quotation marks omitted]). Contrary to the holding, upon reargument, of the Supreme Court, the plaintiffs here sufficiently alleged the existence of a special relationship. The plaintiffs' allegations concerning the specific request they made to the defendants to procure coverage for gas main repair work that the plaintiffs intended to perform for Con Ed beginning in the fall of 2015 is sufficient to state a viable claim under the second of the exceptional circumstances identified by the Court of Appeals. They allege there was an interaction regarding a question of coverage and that the plaintiffs supplied the defendants with a description of the job, a copy of the draft agreement, and the insurance requirements, which would have put the defendants on notice that their advice was being sought and specially relied on. We note that this question of coverage reemerged in June 2016 when the defendants produced a quote to renew the plaintiffs' existing insurance policy, allegedly with the knowledge of the plaintiffs' existing commitment to perform gas repair work for Con Ed through at least October 2016.
The defendants' contention that the plaintiffs failed to allege sufficient damages to support this cause of action is without merit. The plaintiffs, at a minimum, claim to have suffered damages when they, on two occasions, made bids for long-term contracts to perform gas main repair work for Con Ed that were priced, in part, based on the defendants' alleged misrepresentations as to the price of insurance coverage for that work.
Accordingly, because the plaintiffs sufficiently alleged the existence of a special relationship and detrimental reliance upon the defendants' misrepresentations, we conclude that the Supreme Court erred, upon reargument, in adhering to the determination directing dismissal of the second cause of action (see STB Invs. Corp. v Sterling & Sterling, Inc., 178 AD3d 413, 413).
Contrary to the defendants' contention, the plaintiffs' fraud and negligent misrepresentation cause of action is not duplicative of the breach of contract cause of action since, among other things, the former concerns a duty of advisement extending above and beyond the parties' contractual relationship (see Kimmell v Schaefer, 89 NY2d 257, 260-266). Second, contrary to the defendants' contention, the allegations in the complaint are sufficiently particular (see CPLR 3016[b]). Third, the defendants were not entitled to dismissal of the second cause of action insofar as asserted against the defendant Anthony DeFede individually, as the plaintiffs seek to hold DeFede individually liable for participating in the commission of the tort alleged (see Emanuel Mizrahi, DDS, P.C. v Angela Andretta, DMD, P.C., 170 AD3d 1120, 1122-1123). Furthermore, the complaint sufficiently alleges that DeFede was a party to the contract serving as the basis of the third cause of action (see Althar v Hudson Serv. Mgt., Inc., 48 AD3d 721, 722).
The defendants' remaining contentions have been rendered academic in light of our determination.
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court