Alignment Chiropractic, P.C. v Travelers Home & Mar. Ins. Co. (2020 NY Slip Op
50994(U))

[*1]

Alignment Chiropractic, P.C. v Travelers Home & Mar. Ins.
Co.

2020 NY Slip Op 50994(U) [68 Misc 3d 131(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1649 K C

Alignment Chiropractic, P.C., as Assignee
of Frantz Lindor, Respondent, 
against
Travelers Home and Marine Ins. Co., Appellant.

Law Offices of Aloy O. Ibuzor (Michael Rappaport of counsel), for appellant.
Gary Tsirelman, P.C. (Jung Pryjma of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered June 4, 2018. The order, insofar as appealed from and as limited by the brief,
denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals, as limited by the brief, from so much an order of the Civil Court as denied defendant's
motion which had sought summary judgment dismissing the complaint upon the ground that
plaintiff's assignor had procured the insurance policy in question by making a material
misrepresentation as to the ownership and use of the vehicle in question.
"A misrepresentation is material if the insurer would not have issued the policy had
it known the facts misrepresented. To establish materiality as a matter of law, the insurer must
present documentation concerning its underwriting practices, such as underwriting manuals,
bulletins, or rules pertaining to similar risks, that show that it would not have issued the same
policy if the correct information had been disclosed in the application" (Interboro Ins. Co. v Fatmir, 89 AD3d
993, 994 [2011] [internal quotation marks and citations
omitted]).
Upon a review of the record, we find that defendant failed to
establish as a matter of law that it would not have issued the policy in question. Consequently,
defendant did not demonstrate, prima facie, that the misrepresentation by plaintiff's assignor was
material (see Commitment Care, P.T.,
P.C. v Travelers Home & Mar. Ins. Co., 64 Misc 3d 136[A], 2019 NY Slip Op
51157[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020