Concord Direct, Inc. v Ameriprise Ins. Co. (2022 NY Slip Op
51272(U))

[*1]

Concord Direct, Inc. v Ameriprise Ins. Co.

2022 NY Slip Op 51272(U) [77 Misc 3d 135(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-523 Q C

Concord Direct, Inc., as Assignee of
Simone Burchell, Respondent, 
against
Ameriprise Insurance Company, Appellant.

Callinan & Smith, LLP (Matthew J. Smith and Dara Goodman of counsel), for
appellant.
Law Offices of Jonathan B. Seplowe, P.C. (Alan M. Elis of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(David M. Hawkins, J.), entered July 20, 2021. The order denied defendant's motion for
summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant appeals from an order of the Civil Court denying defendant's motion which
had sought summary judgment dismissing the complaint on the ground that plaintiff's
assignor had procured the subject insurance policy by making a material
misrepresentation as to the garaging of one of the three vehicles covered under the
insurance policy, and as to the address of one of the two drivers covered under the
policy.
"A misrepresentation is material if the insurer would not have issued the
policy had it known the facts misrepresented. To establish materiality as a matter of law,
the insurer must present documentation concerning its underwriting practices, such as
underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it
would not have [*2]issued the same policy if the correct
information had been disclosed in the application" (Interboro Ins. Co. v Fatmir, 89 AD3d 993, 994 [2011]
[internal quotation marks and citations omitted]).
Upon a review of the
record, we find that defendant failed to establish as a matter of law that it would not have
issued the policy in question, as neither the examination under oath testimony of the
assignor nor the declaration page of the insurance policy establish that the assignor made
a misrepresentation on her application for insurance. In any event, defendant did not
demonstrate that the purported misrepresentation was material, as the underwriting
eligibility guidelines included with its motion papers fail to show that defendant "would
not have issued the same policy if the correct information had been disclosed" (id.
[internal quotation marks omitted]; see also e.g. Alignment Chiropractic, P.C. v Travelers Home &
Mar. Ins. Co., 68 Misc 3d 131[A], 2020 NY Slip Op 50994[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2020]; Commitment Care, P.T., P.C. v Travelers Home & Mar. Ins.
Co., 64 Misc 3d 136[A], 2019 NY Slip Op 51157[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]; cf. Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d
855 [2009]).
Defendant's remaining contention lacks merit.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022