JFL Med. Care, P.C. v Wesco Ins. Co. (2022 NY Slip Op 51376(U))

[*1]

JFL Med. Care, P.C. v Wesco Ins. Co.

2022 NY Slip Op 51376(U) [77 Misc 3d 139(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-151 K C

JFL Medical Care, P.C., as
Assignee of McDonald, Daniel, Appellant, 
against
Wesco Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
McDonnell, Adels & Klestzick, PLLC (Jannine A. Gordineer of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Consuelo Mallafre Melendez, J.), dated October 15, 2020. The order granted the branch
of defendant's motion seeking summary judgment dismissing the complaint on the
ground of fraudulent procurement of the insurance policy and denied plaintiff's cross
motion for summary judgment.

ORDERED that the order is modified by providing that the branch of defendant's
motion seeking summary judgment dismissing the complaint on the ground of fraudulent
procurement of the insurance policy is denied; as so modified, the order is affirmed,
without costs, and the matter is remitted to the Civil Court for a determination of the
branch of defendant's motion seeking summary judgment dismissing the complaint on
the alternate ground that the amounts sought to be recovered exceeded the amounts
permitted by the workers' compensation fee schedule.
In this action by a provider to recover assigned first-party no-fault benefits,
defendant moved for summary judgment dismissing the complaint on the ground that
plaintiff's assignor had fraudulently procured the insurance policy in question by making
material misrepresentations as to the vehicle in question and on the alternate ground that
the amounts sought to be recovered exceeded the amounts permitted by the workers'
compensation fee schedule, a defense that is not subject to preclusion as to the claims at
issue (see 11 NYCRR 65-3.8 [g]). Plaintiff cross-moved [*2]for summary judgment. The Civil Court granted the branch
of defendant's motion based on fraudulent procurement and denied plaintiff's cross
motion. The court did not pass on the branch of defendant's motion that was based upon
the alternate fee schedule ground.
The defense that an insured made a material misrepresentation when obtaining the
insurance policy is subject to preclusion (see Empire State Med. Supplies, Inc. v Sentry Ins., 55 Misc 3d
130[A], 2017 NY Slip Op 50403[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]; Great Health Care
Chiropractic, P.C. v Hanover Ins. Co., 42 Misc 3d 147[A], 2014 NY Slip Op
50359[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Thus, as plaintiff
argues, defendant is not entitled to summary judgment on this ground as to the first cause
of action, as defendant failed to offer proof that it ever denied the claim underlying that
cause of action (see Empire State Med. Supplies, Inc. v Sentry Ins., 2017 NY Slip
Op 50403[U]; Great Health Care Chiropractic, P.C. v Hanover Ins. Co., 2014 NY
Slip Op 50359[U]), and so did not demonstrate that it is not precluded from raising this
defense as to that claim.
Defendant did establish that it is not precluded from raising its material
misrepresentation defense as to the claim underlying the second cause of action, as it
demonstrated that it timely denied that claim on that ground (see Empire State Med.
Supplies, Inc. v Sentry Ins., 2017 NY Slip Op 50403[U]; Great Health Care
Chiropractic, P.C. v Hanover Ins. Co., 2014 NY Slip Op 50359[U]). However, a
misrepresentation is only material "if the insurer would not have issued the policy had it
known the facts misrepresented" (Interboro Ins. Co. v Fatmir, 89 AD3d 993, 994 [2011]).
Here, the alleged material misrepresentation was the failure to reveal that the vehicle
being insured was a "for hire" livery vehicle, which defendant's underwriting supervisor
stated is an excluded operation, claiming that defendant does not issue livery policies in
New York State. However, as plaintiff contends, defendant failed to "present
documentation concerning its underwriting practices, such as underwriting manuals,
bulletins, or rules pertaining to similar risks, that show that it would not have issued the
same policy if the correct information had been disclosed in the application" (id.
at 994 [internal quotation marks omitted]). "Conclusory statements by insurance
company employees, unsupported by documentary evidence, are insufficient to establish
materiality as a matter of law" (Schirmer v Penkert, 41 AD3d 688, 690-691 [2007]).
Consequently, defendant did not demonstrate as a matter of law that the
misrepresentation was material (see Interboro Ins. Co. v Fatmir, 89 AD3d 993; Schirmer v Penkert, 41 AD3d
688; cf. Varshavskaya v
Metropolitan Life Ins. Co., 68 AD3d 855 [2009]).
Plaintiff's contention that its cross motion for summary judgment should have been
granted lacks merit because, among other things, the proof submitted in support thereof
failed to establish either that defendant failed to timely deny the claims at issue (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant issued
timely denial of claim forms that were conclusory, vague or without merit as a matter of
law (see Westchester Med. Ctr.
v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins.
Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that the branch of defendant's
motion seeking summary judgment dismissing the complaint on the ground of fraudulent
procurement of the insurance policy is denied, and the matter is remitted to the Civil
Court for a determination of the branch of defendant's motion seeking summary
judgment dismissing the complaint on the [*3]alternate
ground that the amounts sought to be recovered exceeded the amounts permitted by the
workers' compensation fee schedule.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2022