Prompt Med. Group, Inc. v Erie Ins. Co. of N.Y.
2026 NY Slip Op 50796(U)
May 15, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Insurance—No-Fault Automobile Insurance--Denial of Claim--Proper and Timely Mailing

Prompt Medical Group, Inc., as Assignee of Taisha Brockenbaugh, Appellant,
v
Erie Insurance Company of New York, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 15, 2026
2025-536 RI C
Present: : Wavny Toussaint, P.J., Chereé A. Buggs, Joanne D. Quiñones, JJ

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Mura Law Group, PLLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), dated March 31, 2025. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground of fraudulent procurement of the insurance policy.
[*1]
ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied in its entirety.
Insofar as is relevant to this appeal, in this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the grounds of fraudulent procurement of the insurance policy, material misrepresentation made in the insurance claim, untruthful testimony at an examination under oath (EUO), and failing to respond to post-EUO verification requests. Plaintiff opposed the motion. By order dated March 31, 2025, the Civil Court (Mary A. Kavanagh, J.) granted the branch of the motion seeking summary judgement dismissing the complaint on the ground of fraudulent procurement, without passing on the other branches of the summary judgment motion.
The defense that a material misrepresentation was made when procuring an insurance policy is subject to preclusion if not interposed in a timely denial (see JFL Med. Care, P.C. v Wesco Ins. Co., 77 Misc 3d 139[A], 2022 NY Slip Op 51376[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Empire State Med. Supplies, Inc. v Sentry Ins., 55 Misc 3d 130[A], 2017 NY Slip Op 50403[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). In its motion for summary judgment, defendant alleged that, following the February 2023 motor vehicle incident, the assignor appeared at an EUO in March 2023, defendant received plaintiff's instant claim in April 2023, and defendant denied the claim in September 2023 due to the [*2]assignor "making material misrepresentations while presenting her no-fault claim, testifying untruthfully at the Examination Under Oath and then failing to respond to post-Examination Under Oath requests for verification." Defendant also argued, among other things, that the policy was fraudulently procured by the assignor's aunt and that the denial of the claim was timely since the time in which it had to pay or deny it was tolled due to the assignor's failure to respond to verification requests.
Upon a review of the record, we find that defendant's moving papers failed to show that it timely and properly mailed its verification requests to the assignor or to the assignor's attorneys so as to toll defendant's time to pay or deny the claim. In his affirmation in support of defendant's summary judgment motion, defendant's attorney stated that he directed his assistant to send the requests and follow-up requests for verification to the assignor and to her attorneys by both e-mail and regular mail. Defendant did not submit any further proof as to the mailing (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.,50 AD3d 1123 [2008]). In any event, we note that the affirmation of defendant's senior medical management specialist was insufficient to show that a denial of claim form had been mailed to plaintiff on the date alleged (see id.). Thus, the branch of defendant's motion seeking summary judgment on the ground of fraudulent procurement of the no-fault insurance policy should not have been granted.
As defendant did not prove that it mailed the verification requests, we need not remit the matter to the Civil Court to decide the branch of defendant's motion seeking summary judgment on the ground that plaintiff's assignor did not respond to those requests. In view of the foregoing determination that defendant failed to present proof that it timely denied the claim, we need not remit the matter to the Civil Court to determine the remaining branches of defendant's summary judgment motion, as they involve precludable defenses.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied in its entirety.
TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 15, 2026