**Liberty Mut. Ins. Co. v Newman**

2025 NY Slip Op 30372(U)

January 28, 2025

Supreme Court, New York County

Docket Number: Index No. 655301/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**      PART      **11M**

*Justice*

-----------------------------------------------------------------------------X

LIBERTY MUTUAL INSURANCE COMPANY, LM
GENERAL INSURANCE COMPANY,

         Plaintiff,

- v -

DESMOND ROY NEWMAN, TRODIS ORLANDO BERRY,
ACTIVE LIFE CHIROPRACTIC PC,AETHER EQUIPMENT
LLC,ANARAFENA MEDICAL PLLC,ANDREW HALL MD
PLLC,ANTRAM INC, APEX DIAGNOSTICS INC,
APTECHKA RX, INC, ATLANTIC MEDICAL &
DIAGNOSTIC, PC,BANAY PHYSICAL THERAPY
PC,BROWN STONE ACUPUNCTURE PC,CITY ORTHO
TRADING INC, COMPASSION MEDICAL CARE PLLC,DR.
RIOTTO CHIROPRACTIC, PC,ESCO MEDICAL SUPPLY
CORP, GLENN H WHITNEY DC PC,GOAL PHYSICAL
THERAPY PC,JASODA DHUPAN, NP, JOHANNE HILARIE,
NP, METROCARE MEDICAL PC,MODERN RX
PHARMACY INC, NEXT GENERATION DIAGNOSTIC
IMAGING PC,RONALD JEGANATHAN, PA, STAR OF NY
CHIROPRACTIC DIAGNOSTIC, PC,U.K. SINHA
PHYSICIAN PC,WASSEF MEDICAL SERVICES PC

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655301/2023 |
| MOTION DATE | 12/26/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79

were read on this motion to/for        JUDGMENT - SUMMARY        .

     Upon the foregoing documents, plaintiff's motion is denied.

**Background**

     Liberty Mutual Insurance Company and LM General Insurance Company (collectively,

"Plaintiffs") are insurance companies under the Liberty Mutual umbrella. They issued a car

insurance policy to Desmond Roy Newman (collectively with Trodis Orlando Berry the

"Individual Defendants") covering a 2012 Infiniti. There was an accident involving the insured

vehicle in December of 2022, following which the Medical Provider Defendants (all defendants

**655301/2023 LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. NEWMAN, DESMOND ROY
ET AL
Motion No. 002**

**Page 1 of 5**

1 of 5

[* 1]

except the Individual Defendants) submitted bills pursuant to No-Fault coverage policies. Plaintiffs filed this underlying action seeking, among other things, a declaration that they are not obliged to cover any claims related to the accident on the grounds that there were material misrepresentations regarding the garaging location and ownership of the Infiniti, and non-cooperation with the claim investigation.

Several parties answered, and there have been several stipulations of discontinuance. The present motion was brought by Plaintiffs, who are seeking summary judgment in their favor against the Answering Defendants.[1] The motion has been opposed by the Provider Defendants and defendant Anarafena Medical PLLC ("Anarafena").[2]

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

---

[1] These are defendants Anarafena Medical PLLC; Antram Inc.; Apex Diagnostics Inc.; Atlantic Medical & Diagnostic PC; City Ortho Trading Inc.; Goal Physical Therapy PC; Jasoda Dhupan NP; Johanne Hilaire NP; Next Generation Diagnostic Imaging PC; Ronald Jeganathan PA.

[2] These are defendants Apex Diagnostics Inc.; Goal Physical Therapy, P.C.; Jasoda Dhupan, N.P.; Johanne Hilarie, N.P.; Next Generation Diagnostic Imaging, P.C.; and Ronald Jeganathan, P.A.

**655301/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. NEWMAN, DESMOND ROY ET AL**          **Page 2 of 5**
**Motion No.  002**

Plaintiffs argue that due to allegedly material misrepresentations by the Individual Defendants constitutes grounds for voiding the policy and therefore Plaintiffs have no requirement to provide coverage. In support of their motion, Plaintiffs have submitted documentation including affidavits from the claim investigator, an underwriter, and the claims department's Team Manager, as well as the EUO transcripts for the Individual Defendants. The Provider Defendants oppose and argue that Plaintiffs have not established a prima facie case of entitlement to summary judgment based on the alleged misrepresentations. They also contend that summary judgment would be premature, as Plaintiffs have not produced discovery related to their underwriting practices. Anarafena has also opposed the motion, arguing that there are material issues of fact going to intent to defraud with the alleged misrepresentations.

*The Alleged Misrepresentations Here Were Material According to First Department Precedent*

The Provider Defendants point to New York Insurance Law § 3105(b)(1), which states that a misrepresentation must be material in order to void a policy, and that "[n]o misrepresentation shall be deemed material unless knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." It is not disputed that there were likely misrepresentations made regarding the ownership and garaging location of the vehicle in question, although Defendant Anarafena disputes the intentional nature of any such misrepresentation. The initial issue here is whether it is required by law that such misrepresentations would have resulted in Plaintiffs' full denial of a policy, or whether it is sufficient for a misrepresentation to be material if a correct statement of the facts would have led to issuance of a policy for a higher premium rate.

The Provider Defendants cite to a series of Second Department cases for the proposition that to be material, a misrepresentation must have meant that otherwise, the policy would not

**655301/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. NEWMAN, DESMOND ROY**                    **Page 3 of 5**
**ET AL**
**Motion No.  002**

[* 3]

have issued at all. *See, e.g., Interboro Ins. Co. v. Fatmir*, 89 A.D.3d 993, 994 (2nd Dept. 2011). But in the First Department, a misrepresentation that would have otherwise resulted in a policy with a higher premium rate is sufficient to establish legal materiality. *See, e.g., Starr Indem. & Liab. Co. v. Monte Carlo, LLC*, 190 AD.3d 441, 441-42 (1st Dept. 2021)(holding that misrepresentation is material if "either the insurer would not have issued the policy or would have charged a higher premium"). By the plain language of *Starr*, the fact that a misrepresentation would not have resulted in an outright denial of the policy had the correct facts been known is not enough to make the misrepresentation immaterial. It is sufficient as a matter of law that the policy would have been issued at a higher premium rate absent the misrepresentation.

*Plaintiffs Are Required to Submit Underwriting Materials in Order to Sustain a Summary Judgment Motion*

The Provider Defendants also argue that a failure to submit underwriting materials would here bar Plaintiffs from establishing prima facie entitlement to their claims. Plaintiffs contend that the sworn affidavit from their underwriter is sufficient and claim that the Provider Defendants never demanded discovery on underwriting practices. Regardless of whether or not a defendant in this case has requested discovery regarding underwriting practices, in the First Department a plaintiff in a case such as this must submit documentation of underwriting practices such as "manuals, rules, or bulletins" even with an underwriter's affidavit. *Liberty Mut. Ins. Co. v. Valera*, 208 A.D.3d 1104, 1104 (1st Dept. 2022); *see also Alexi Home Design, Inc. v. Union Mut. Fire Ins. Co.*, 223 A.D.3d 449, 450 (1st Dept. 2024)(holding that "materiality can be established by an affidavit from an underwriter and documentary evidence concerning its underwriting practices showing that the same policy would not have been issued if the correct

**655301/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. NEWMAN, DESMOND ROY ET AL**
**Motion No.  002**

**Page 4 of 5**

4 of 5

[* 4]

information had been provided"); *but see Certain Underwriters at Lloyds London v. Martin*, 226 A.D.3d 559, 559 (1st Dept. 2024)(holding that "documentary evidence of its underwriting practices" not required when there was a statement that there were no guidelines that would have covered an attempt to engage in Medicare fraud). Because here Plaintiffs have not submitted documentary evidence of their underwriting practices, they have not met their burden on a motion for summary judgment at this time. Accordingly, it is hereby

ADJUDGED that the plaintiff's motion is denied.

20250128154627LFRANKA51217117F0A4B2683C06D86A58AB458

| 1/28/2025 | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|---|---|
| **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655301/2023   LIBERTY MUTUAL INSURANCE COMPANY ET AL vs. NEWMAN, DESMOND ROY ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5